651 F.2d 1021
 Tom SMITH, Herbert Gorlin, Individually and on behalf of
others similarly situated and The Florida Hearing
Aid Society, Inc., Plaintiffs-Appellants,
v.
David H. PINGREE, in His Official Capacity as Secretary of
the Florida Department of Health and
Rehabilitative Services, Defendant-Appellee.
 No. 80-5309.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 July 27, 1981.
 Jon D. Caminez, Tallahassee, Fla., for plaintiffs-appellants.
 Chester G. Senf, Charles T. Collette, Fla. Dept. of Health & Rehab. Serv., Tallahassee, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before GEWIN*, RONEY and HATCHETT, Circuit Judges.
 HATCHETT, Circuit Judge:
 
 
 1
 Appellants, hearing aid dispensers licensed in Florida, appeal a decision upholding the validity of three sections of Florida's Fitting and Selling of Hearing Aids Act, Florida Statute § 468.120 et seq. Appellants contend that the Testing Room Requirement, § 468.135(7), the Receipt Requirement, § 468.136(1), and the Labeling Requirement, § 468.136(2), are preempted by federal law in 21 U.S.C. § 360k and by regulations promulgated by the Food and Drug Administration in 21 C.F.R. §§ 801.420 and 801.421. Because we find that none of the challenged state requirements has been preempted by federal regulation, we affirm the decision of the district court granting appellant's motion for summary judgment.
 
 
 2
 In 1978, the Florida Legislature amended the Fitting and Selling of Hearing Aids Act, Florida Statute § 468.120 et seq., by adding § 468.135, which prescribes the minimum procedures and equipment to be used in the fitting and selling of hearing aids. The legislature also added section 468.136, which requires a hearing aid dispenser to give a purchaser a receipt containing certain required information, and which also covers labeling requirements for the hearing aid package. Appellants brought this action in the district court in 1978 seeking declaratory and injunctive relief against the enforcement of these Florida statutes, claiming they are preempted by the federal regulatory scheme for the manufacture and sale of hearing aids embodied in the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., and the regulations promulgated thereunder. The district court entered summary judgment for the state, and this appeal followed.
 
 
 3
 We must determine whether section 468.135(7) and sections 468.136(1) and (2) of the Florida statutes have been preempted by federal regulations in 21 C.F.R. §§ 801.420 and 801.421.
 
 THE TEST OF PREEMPTION
 
 4
 In order to resolve this issue, we must consider Congress's command as to the preemptive effect of its regulatory scheme in the field. The operative federal statute is 21 U.S.C. § 360k, which reads in part:
 
 
 5
 (a) (N)o state ... may establish ... with respect to a device intended for human use any requirement
 
 
 6
 (1) which is different from, or in addition to, any requirement applicable under this statute to the device, and
 
 
 7
 (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.
 
 
 8
 We thus have a two-pronged test to apply to the Florida statutes in question in order to determine whether they are preempted by federal regulation. We must first determine whether the Florida requirements relate to a matter included in the federal regulations, and if so whether Florida's requirements are "different from, or in addition to" any requirement found in the federal regulations.
 
 THE SOUND ROOM REQUIREMENT
 
 9
 We will now compare the Food and Drug Administration regulations with the contested Florida statutes in light of the preemption test of 21 U.S.C. § 360k. The Food and Drug Administration regulations governing hearing aids include 21 C.F.R. § 801.421, which reads in part:
 
 
 10
 Hearing aid devices; conditions for sale.
 
 
 11
 (a) Medical evaluation requirements (1) General. Except as provided in paragraph (a)(2) of this section, a hearing aid dispenser shall not sell a hearing aid unless the prospective user has presented to the hearing aid dispenser a written statement signed by a licensed physician that states that the patient's hearing loss has been medically evaluated and the patient may be considered a candidate for a hearing aid. The medical evaluation must have taken place within the preceding 6 months.
 
 
 12
 (2) Waiver to the medical evaluation requirements. If the prospective hearing aid user is 18 years of age or older, the hearing aid dispenser may afford the prospective user an opportunity to waive the medical evaluation requirement of paragraph (a)(1) of this section provided that the following hearing aid dispenser: (here follows certain requirements).
 
 
 13
 Appellants contend that the conditions for sale in the above regulation preempt Florida's requirements setting forth the minimal procedure and equipment to be used in the fitting and selling of hearing aids in Florida Statute § 468.135. Subsection (7) of that statute, which is the only portion challenged by the appellants, reads in part:
 
 
 14
 Each audiometric test conducted by a registrant in the fitting and selling of hearing aids shall be made in a testing room that has been certified by the department not to exceed the sound-pressure levels at frequencies specified by the department. The exception to this requirement shall be in the case of a client who requests that the test be conducted in a place other than the registrant's certified testing room. When a test is conducted under this exception, the registrant shall obtain a waiver from the client on a form provided by the department. The executed waiver shall be attached to the client's copy of the contract, and a copy of the executed waiver shall be retained in the registrant's file.
 
 
 15
 Part 801 of the Food and Drug Administration regulations, 21 C.F.R. § 801, deals primarily with labeling provisions. The section dealing with conditions for sale of hearing aids is 21 C.F.R. § 801.421. The first part of that section, quoted above, sets out the requirements for a medical evaluation prior to sale of a hearing aid. The second and third parts of that section require a dispenser to provide a purchaser or prospective purchaser with a copy of the User Instructional Brochure. The fourth part of the section requires a dispenser to retain for three years a copy of any written statement from a physician or any written statement waiving medical evaluation. Read as a whole, then, the purpose of § 801.421 is to insure that the prospective purchaser of a hearing aid is provided with sufficient information to make an intelligent decision as to whether to purchase a hearing aid. This section thus addresses the conditions for sale of hearing aid devices, rather than the mechanics of properly fitting the device to the patient.
 
 
 16
 The contested Florida statute sets forth the "minimal procedures and equipment" required to be used in the "fitting and selling of hearing aids." Fla.Stat. § 468.135 (1979). The procedures required by this statute include a hearing test to determine the degree and type of hearing deficiency. The dispenser is also required to select the best ear for maximum hearing aid benefit. The portion of this statute challenged by the appellants, subsection (7) quoted above, requires each audiometric test be made in a certified testing room. Comparing the Florida statute to the federal regulation in light of the controlling federal statute, 21 U.S.C. § 360k, we find that the federal regulation does not address the procedures required for fitting the hearing aid to the patient.
 
 
 17
 The Fifth Circuit has considered the question of federal preemption, and has stated, "(W)here Congress has chosen to 'occupy' a field, but has not undertaken to regulate every aspect of that area, the states have the implied reservation of power to fill out the scheme." Chemical Specialties Mfrs. Assn., Inc. v. Clark, 482 F.2d 325, 327 (5th Cir. 1973). Because here federal regulations did not address the mechanics of fitting hearing aids to patients, the state was free to prescribe minimal procedures to be followed and equipment to be used in the fitting of hearing aids. The result would, of course, be different had the federal regulations specifically provided that the manner of conducting hearing tests should be left to the dispenser. In that event, it is clear that any state requirement, to be valid, would need to be exempted from preemption.
 
 
 18
 Appellants bring to the court's attention New Jersey Guild Dispensers v. Long, 75 N.J. 544, 384 A.2d 795 (1978). In that case, the New Jersey Supreme Court found that a state pre-sale testing requirement was preempted by 21 C.F.R. § 801.421. The chief counsel of the Food and Drug Administration had expressed the view that the state regulation in question would be subject to preemption. The New Jersey court, stating that an opinion letter from an agency counsel is accorded the status of an official administrative interpretation for purposes of judicial deference thereto, accorded some weight to the chief counsel's opinion. No such opinion letter appears in the record before this court. Moreover, the New Jersey court found that while the pre-sale testing requirement was not "different from" the federal regulation, it was "in addition to" the regulation because "a dispenser would be forced to comply with two variant rules prior to dispensing a hearing aid." Id. at 812. We decline to follow the reasoning of the New Jersey court. We can envision a regulatory structure that would leave the dispenser free of specific federal test regulations but permit the states to regulate that activity only if not too restrictive, as worked out under the FDA and New Jersey court analysis. The failure of the federal regulations to address the test requirement in positive terms but to address it only inferentially, however, leads us to conclude that under the Chemical Specialties' approach the argument for preemption should be rejected. As stated above, the federal regulation is aimed at providing a prospective purchaser with sufficient information to make an intelligent decision about purchasing a hearing aid. This regulation does not preclude the state from initiating minimal requirements relating to the mechanics of fitting the hearing aid to the patient.
 
 THE RECEIPT REQUIREMENT
 
 19
 We next turn to 21 C.F.R. 801.420, entitled "Hearing Aid Devices; Professional and Patient Labeling." This section covers (a) definitions, (b) label requirements for hearing aids, and (c) labeling requirements for the user instructional brochure. More specifically, subsection (c) requires that the brochure contain (1) general information about the use, care, serving, and functions of the hearing aid, (2) a warning to hearing aid dispensers to advise prospective hearing aid purchasers to consult a physician if the dispenser discovers in the purchaser certain physical signs indicating the possibility of medical treatment for the hearing loss, (3) a notice to prospective hearing aid users informing them that a physician should be consulted prior to purchasing a hearing aid, (4) certain technical data, and (5) a statement whether the hearing aid is used or rebuilt. Appellant contends that this regulation preempts Florida Statute § 468.136(1) which reads,
 
 
 20
 (1) Each person who fits and sells hearing aids shall deliver to each person he supplies with a hearing aid a receipt which shall contain his signature and show the address of his regular place of business and the number of his certificate of registration, together with the brand, model, and serial number of the hearing aid furnished and amount charged therefor. Said receipt shall also specify whether the hearing aid is new, used, or rebuilt and the length of time and other terms of the guarantee and by whom guaranteed. Said receipt shall also state that any complaint concerning the hearing aid and guarantee therefor, if not reconciled with the registrant from whom the aid was purchased, shall be directed by the purchaser to the Hearing Aid Licensure Office, Department of Health and Rehabilitative Services. The address and telephone number of such office shall be stated on the receipt.
 
 
 21
 Viewing this statute in light of 21 U.S.C. § 360k, we find that the Florida statute does not relate "to a matter included in a federal requirement applicable to a device," and therefore is not preempted by the federal regulation. The subject matter embraced by the Florida receipt requirement is wholly unrelated to that of 21 C.F.R. § 801.420. The latter establishes labeling requirements which are intended to protect the safety of the hearing aid user and to insure the effective operation of the hearing aid. By contrast, Florida Statute § 468.136(1) pertains to the business procedure required to be followed by the hearing aid dispenser and has as its purpose the protection of the commercial or legal rights of the hearing aid user as a consumer.
 
 THE DISCLAIMER REQUIREMENT
 
 22
 We finally come to Florida Statute § 468.136(2), which reads:
 
 
 23
 No hearing aid shall be sold to any person unless both the packaging containing the hearing aid and the itemized receipt provided pursuant to subsection (1) carry the following disclaimer in 10-point or larger type: "This hearing aid will not restore normal hearing, nor will it prevent further hearing loss."
 
 
 24
 The federal labeling requirements for hearing aids, found in 21 C.F.R. § 801.420(c), list certain labeling information required to be included in "a User Instructional Brochure that ... shall accompany the hearing aid." Among these is,
 
 
 25
 (viii) A statement that a hearing aid will not restore normal hearing and will not prevent or improve a hearing impairment resulting from organic conditions.
 
 
 26
 The district court found as a matter of law that compliance with the federal requirement would "clearly" satisfy the state requirement as well. Thus, because the state requirement is "equal to, or substantially identical to" requirements imposed by the federal regulations, the state regulation has not been preempted. We disagree. Where words in a statute are clear and unambiguous, the court must give them their literal or ordinary meaning. Brennan v. Green's Propane Gas Service, 479 F.2d 1027 (5th Cir. 1973). The Florida statute requires that the warning be placed on the package in which the hearing aid is sold. An instructional brochure is not a package, and therefore placing words in an instructional brochure cannot be considered "substantially the same" as placing words on a package.
 
 
 27
 We must, therefore, review Florida Statute § 468.136(2) in light of 21 U.S.C. § 360k. The federal regulations specify the labeling placed on the hearing aid itself and in the User Instructional Brochure, while the state requirements deal with labeling on the package in which the hearing aid is sold. A strong argument may be made that because both deal with the subject of labeling, the federal law has preempted the field. We find sufficient difference, however, between an instructional brochure and packaging to distinguish the thrust of the federal regulation from that of the state requirement. Because the federal requirements did not regulate every aspect of this area, the state had the implied reservation of power to fill out the scheme. Chemical Specialties Mfrs. Assn., Inc., supra. We find that the federal requirements in 21 C.F.R. 801.420 do not preempt the state requirements in Florida Statutes § 468.136(2).CONCLUSION
 
 
 28
 We affirm the district court's decision that Florida Statute §§ 468.135(7) and 468.136(1) and (2) are not preempted by Subchapter V of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 360k, and the federal regulations thereunder relating to hearing aids.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This case is being decided by a quorum due to the death of Judge Gewin on May 15, 1981. 28 U.S.C. § 46(d)