The Honorable William N. Meggs State Attorney Second Judicial Circuit Suite 500 Lewis State Bank Building Tallahassee, Florida 32301
Dear Mr. Meggs:
This is in response to your request, as State Attorney of the Second Judicial Circuit vested with the authority to prosecute violations of Ch. 119, F.S., the Public Records Law, for an opinion on substantially the following question:
 DOES s 624.311(1), (2), AND (3), F.S., EXEMPT CORRESPONDENCE BETWEEN A COUNTY'S RETAINED COUNSEL AND INSURANCE CARRIERS REGARDING CLAIMS NEGOTIATIONS FROM THE REQUIREMENTS OF CH. 119, F.S.?
Your letter of inquiry notes that a county located in the Second Judicial Circuit has been sued in federal court, the suit alleging civil rights violations. The county has retained outside counsel to represent its interests. Your letter states that the plaintiff has demanded copies of correspondence between the county's lawyer and the county's insurance carriers, pursuant to the requirements of Ch. 119. The county's lawyer has resisted this demand, alleging that the documents in question are exempt from the requirements of the Public Records Law in view of s 624.311(1), (2), and (3).
For the following reasons, your question is answered in the affirmative. Section 624.311, F.S., expressly provides in pertinent part:
624.311 Records; reproductions; destruction. —
 (1) Except as provided in this section, the department shall preserve in permanent form records of its proceedings, hearings, investigations, and examinations and shall file such records in its office.
 (2) The records of the department and insurance filings in its office shall be open to public inspection, except as otherwise provided by this code.
 (3) The records of insurance claim negotiations of any state agency or political subdivision are confidential and exempt from subsection (2) and the public records law until termination of all litigation and settlement of all claims arising out of the same incident. (e.s.)
It is clear that counties are "political subdivisions." See, s1.01(9), F.S., and s 1, Art. VIII, State Const. (state divided by law into political subdivisions called counties); Ch. 7, F.S. (setting forth the boundary lines of counties).
The correspondence records described in your letter are, in the absence of statutory exemption, covered by the Public Records Law. See, ss 119.011(1) defining "public records" as "all documents, papers, letters . . . or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency"; 119.011(2) defining "agency" to include inter alia, any county, department, board, bureau, commission or separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency; Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633
(Fla. 1980); Wait v. Fla. Power Light Company, 372 So.2d 420
(Fla. 1979).
In regard to whether subsection (3) exempts the records described by your inquiry, it is a rule of statutory construction that unambiguous statutory language must be accorded its plain meaning. E.g., Carson v. Miller, 370 So.2d 10 (Fla. 1979); Voorhees v. City of Miami, 199 So. 313 (Fla. 1940); Richardson v. City of Miami,198 So. 51 (Fla. 1940); Vocelle v. Knight Bros. Paper Company,118 So.2d 664 (1 D.C.A.Fla., 1960); City of Sarasota v. Burch,192 So.2d 9 (2 D.C.A.Fla., 1966), cert. quashed, 200 So.2d 177
(Fla. 1967) (where there is no ambiguity in statute there is no occasion for court to construe it, and its plain meaning will not be disturbed). Where the legislative intent is clearly manifest by the language used, considered in its ordinary grammatical sense, rules of construction and interpretation are unnecessary and inapplicable. Clark v. Kreidt, 199 So. 333 (Fla. 1940). Thus where the statute contains plain and simple English, it is the duty of the court to apply the literal meaning of the statute. Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963); Smith v. Pingree, 651 F.2d 1021 (5th Cir. 1981). By its express terms, s 624.311(3) exempts from the public records law records of insurance claim negotiations of any state agency or political subdivision until termination of all litigation and settlement of all claims arising out of the same incident.
This office has been informed that the Department of Insurance does not maintain records of such insurance claims negotiations of political subdivisions, but only has those records that pertain to state agencies. However, subsection (3) expressly applies to both types of negotiation records. Compare, s 284.40(2), F.S. To construe subsection (3) of s 624.311 as pertaining only to records in the physical possession of the department, i.e., records described in subsection (2) of s 624.311 and not to both categories of records expressly described in that subsection would reduce the words "or political subdivision" to mere surplusage. Words in a statute should not be construed as surplusage if a reasonable construction, which would give them force and meaning, is possible. Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A.Fla., 1966), citing 82 C.J.S. Statutes s 343, and Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A.Fla., 1982) (statutory language is not to be assumed to be superfluous; statute must be construed so as to give meaning to all words and phrases contained within that statute).
Moreover, it is the position of the Department of Insurance that s624.311(3) clearly and unambiguously exempts a county's claim negotiation records from the requirements of Ch. 119 until termination of all litigation and settlement of all claims arising out of the same incident. The department's position letter states that subsection (3) is a broad expression of the legislative policy[1] to shield all such insurance claim negotiation records during the pendency of associated litigation. As a contemporaneous administrative construction, the position of the Department of Insurance is entitled to great weight and would be shown deference by the courts. Heftler Construction Co. and Subsidiaries v. Department of Revenue, 334 So.2d 129 (3 D.C.A.Fla., 1976). And see, Warnock v. Florida Hotel and Restaurant Commission, 178 So.2d 917 (3 D.C.A.Fla., 1965); Department of Transportation v. Florida Coalition of Rail Passengers, Inc., 466 So.2d 403 (1 D.C.A.Fla., 1985); Pan American World Airways, Inc. v. Florida Public Service Commission,427 So.2d 716 (Fla. 1983); Cohen v. School Board of Dade County, Florida, 450 So.2d 1238 (3 D.C.A.Fla., 1984); Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815
(Fla. 1983), appeal dismissed, Southeast Volusia Hospital District v. Florida Patient's Compensation Fund, 104 S.Ct. 1673 (1984).
Therefore, in view of the fact that the Department of Insurance maintains only state agency records of insurance claims negotiations and since a conclusion that the exemption provided in s 624.311(3) applies only to department records would render the language in s 624.311(3) relating to "political subdivision" meaningless surplusage, it is my opinion that s 624.311(3) applies to insurance claim negotiation records of a political subdivision as well as those records held by the department.
In summary, unless and until judicially held otherwise, it is my opinion that the express terms of s 624.311(3), F.S., exempt correspondence regarding insurance claims negotiations between a county's retained counsel and its insurance carriers from the requirements of Ch. 119, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] See, Staff Report, 1982 Insurance Code Sunset Revision (HB 4F; As amended by HB 10G), p. 15, stating: "A new subsection (3) is created to clarify that records of insurance claims negotiations of any state agency or political subdivision are confidential until such claims are settled." (e.s.)