**Rebecca EDMONDSON, Plaintiff,**

v.

**INTERNATIONAL PLAYTEX,
INC., Defendant.**

**Civ. A. No. C85–306R.**

United States District Court,
N.D. Georgia,
Rome Division.

Sept. 30, 1987.

Timothy Arnold McCreary, Howe Sutton McCreary & Dettmering, Tallapoosa, Ga., Mark B. Hutton, Michard Cordry Michaut Hutton & Hutton, Wichita, Kan., for Rebecca Edmondson.

Jack Harrell Senterfitt, Alston & Bird, Atlanta, Ga., Franklin M. Tatum, William H. Robinson, Jr., Wright Robinson McCammon & Tatum, Richmond, Va., for Intern. Playtex, Inc.

ORDER

HAROLD L. MURPHY, District Judge.

Presently before the Court is plaintiff's objection to the Magistrate's Order filed June 16, 1987. That Order dealt with the issue whether plaintiff could introduce evidence or argument regarding the adequacy of the language contained in defendant's labeling. The Magistrate granted defendant's motion in limine, concluding that federal law preempts any state law claim based upon alleged inadequacy of warning.

 In objecting to the Magistrate's ruling plaintiff argues "[t]his ruling by the Magistrate was made on Motion by defendant which Motion defendant couched in terms of a Motion in Limine to exclude all evidence relating to adequacy of the warning on the ground that such claims are preempted by federal law. Despite the device used by defendant, the motion was, in reality, a motion for summary judgment and as such, Magistrate Morgan lacked jurisdiction to determine this pretrial motion under [28 U.S.C.] Sec. 636(b)(1)(A)."

Given that the parties agreed that this motion, which was styled as a motion in limine, would be referred to and ruled upon by the Magistrate, the Court finds plaintiff's objection to be without merit. The Court also agrees with the Magistrate's ruling. Nevertheless, even if the Magistrate did not have the power to rule on this issue, after reviewing the relevant materials in the record and considering the Magistrate's Order to constitute findings

of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court finds as follows:

That Congress, through 21 U.S.C. § 360k, and the Food and Drug Administration, through 21 C.F.R. §§ 801.430 and 808.1, expressly excluded the states from establishing labeling standards (whether by statute, ordinance, regulation, or court decision) for tampons. These federal provisions bar plaintiff's state tort claims that the warnings in issue can be inadequate even if such warnings are in compliance with 21 C.F. R. §§ 801.430 and 808.1. *See Ignace v. Playtex Family Products, Inc.*, No. 86–C–480–C, Report and Recommendation of Magistrate (W.D. Wis. July 27, 1987, ADOPTED as the court's own August 14, 1987).

## MAGISTRATE'S ORDER

CLINTON J. MORGAN, United States Magistrate.

On September 30, 1985, the Complaint in the captioned matter was filed, seeking the recovery of damages for personal injuries that allegedly resulted from the use of a tampon device manufactured by the Defendant (Playtex). The Plaintiff bases her claim on the ground, *inter alia*, that the labeling and instructions were inadequate to give proper warning necessary for the safe use of the product.

The Defendant filed a Motion in Limine on December 31, 1986, to exclude any evidence or argument regarding the adequacy of the labeling warning, on the ground that said issue has been pre-empted by the federal government.

By Order dated May 19, 1987, said issue was referred to the undersigned Magistrate. The Order is interpreted by the Magistrate as a referral "to hear and determine" under the provisions of 28 U.S.C. 636(b)(1)(A).

The Supremacy Clause in Article VI of the Constitution of the United States is the basis for the doctrine of pre-emption.

In *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), the Court stated that pre-emption can occur in either of two general ways, namely: (1) if Congress evidences an intent to occupy a given field, or (2) even if the entire field is not pre-empted, certain portions of state law that actually conflict with federal law are pre-empted, that is, when it is impossible to comply with both state and federal law or where state law is an obstacle to the accomplishment of the full purposes and objectives of Congress. The Court further stated that pre-emption should be judged on whether there is an irreconcilable conflict between the federal and state standards or whether the imposition of a state standard in a damages action would frustrate the objectives of the federal law.

The tampon involved in the captioned case is within the scope of 21 U.S.C. 360k, it being a "device intended for human use". That statute reads in part as follows:

"Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter."

(Subsection (b) provides for the grant of exemptions from subsection (a) by the Secretary.)

(Code Sections 360d through 360k are known as the Medical Device Amendments of 1976.)

Section 360j(h) directs the Secretary to promulgate regulations for the dissemination to the public of information respecting the safety and effectiveness of a device.

The regulation relating to the labeling of tampons is found at 21 C.F.R. Section 801.-430, which is dated June 22, 1982, and which contains specified information that must appear either in a package insert or on the package.

In the case of *Commonwealth of Mass. v. Hayes*, 691 F.2d 57 (1st Cir.1982), the Court affirmed the denial by the Secretary of an exemption to the Commonwealth, which had been sought under 21 U.S.C. 360k(b) relative to hearing aids. The Court treated Section 360k as a pre-emption statute, and it stated that the regulations promulgated by the Secretary were in accord with the overriding purpose of the Medical Device Amendments, "which was to protect the public health by assuring the safety and effectiveness of medical devices ...while accommodating the purpose of the preemption section, which was to prevent an undue burden on interstate commerce through the proliferation of varying state requirements ...". (pp. 60–61)

In *Howard v. Uniroyal, Inc.*, 719 F.2d 1552 (11th Cir.1983), the Court held that a common law state court action for a handicapped-based discrimination was pre-empted by the federal Rehabilitation Act. The Court noted that prior cases on pre-emption are not precise guidelines because every case turns on the special features of the federal regulatory scheme in question. The Court also stated that "Congress' authority to supplant state law is no less because the state's power is exercised by the state judiciary through the common law rather than by the state legislature. *Sperry v. Florida*, 373 U.S. 379, 403, 83 S.Ct. 1322, 1335, 10 L.Ed.2d 428 (1963)." The Court found no express pre-emption, but it found an implied intent in the comprehensiveness and pervasiveness of the federal enforcement scheme, in the dominant federal interest in the subject matter, and in the desire to preclude the enforcement of state laws on the same subject.

In *Northern States Power Co. v. State of Minnesota*, 447 F.2d 1143 (8th Cir.1971) (affirmed 405 U.S. 1035, 92 S.Ct. 1307, 31 L.Ed.2d 576 (1972)), the Court stated the principle that "Where Congress has unequivocally and expressly declared that the authority conferred by it shall be exclusive, then there is no doubt but that states cannot exert concomitant or supplementary regulatory authority over the identical activity".

In the recent case of *Exxon Corp. v. Hunt*, 475 U.S. 355, 106 S.Ct. 1103, 89 L.Ed.2d 364 (1986), the Court stated, at 362, 106 S.Ct. at 1109, 89 L.Ed.2d at 374:

"When a federal statute unambiguously precludes certain types of state legislation, we need go no further than the statutory language to determine whether the state statute is pre-empted."

In *San Diego Building Trades Council (etc.) v. Garmon*, 359 U.S. 236, 247, 79 S.Ct. 773, 780, 3 L.Ed.2d 775, 784 (1959), the Court held as follows:

"Such [state] regulation can be as effectively exerted through an award of damages as through some form of preventive relief. The obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy."

In *Tectonics, Inc. of Florida v. Castle Construction Co.*, 753 F.2d 957, 961 (11th Cir.1985), the Court stated that "Nevertheless, there are instances where federal legislation can preempt any state cause of action".

The issue in the case at bar, and specifically insofar as the motion in limine is concerned, is confined to the question of whether the plaintiff may assert a claim based on the labeling issue. The right of the plaintiff to bring this common law action is not in issue.

In *Hurley v. Lederle Laboratories*, 651 F.Supp. 993 (E.D., Tex., 1986), involving a common law action for failure to adequately warn of the dangers of DPT vaccine (among other grounds), the Court granted a partial summary judgment on the ground that the labeling of this vaccine has been impliedly preempted by the federal regulations. The Court noted, at p. 999, that:

"The contents and wording of these product inserts are extensively regulated and controlled by the FDA. See generally, 21 C.F.R. Sections 1 and 201; 50 Fed. Reg. 51, 108 (1985). Furthermore, the language in the product insert cannot be used or changed without prior FDA approval. 21 C.F.R. Section 601.12. Thus, the comprehensive nature of the FDA regulations evidences preemptive intent

to establish implied preemption as to the labeling/warning of DPT in the present case."

The federal regulations relating to medical devices, including tampons, are very comprehensive and detailed, as set forth in 21 C.F.R. Part 801 (pages 11 through 35). Section 801.430 relates specifically to "user labeling for menstrual tampons"; it states that "To protect the public and to minimize the serious adverse effects of TSS" the tampons shall be labeled as hereinafter set forth either in a package insert or on the package; the required information shall be stated in terms understandable by the layperson and shall include statements concerning certain specific points that are listed in subparagraphs 1 through 5; and any tampon not so labeled is a misbranded product.

In *Fidelity Fed. Sav. & Loan Assn. v. de la Cuesta,* 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), the Court stated, at 3022, that the pre-emption doctrine requires an examination of congressional intent; that pre-emption is compelled if the congressional command is either explicitly stated or implicitly contained in its structure and purpose; and that federal regulations have no less pre-emptive effect than federal statutes.

In *Smith v. Pingree,* 651 F.2d 1021 (5th Cir.1981), the Court held that 21 U.S.C. 360k did not pre-empt the matter of labeling hearing aids so as to invalidate a Florida statute that required that the federally-required warning be placed on the carton as well as in a brochure insert that was mandated by the federal regulation.

In *Muzatko v. International Paytex, Inc.,* Case No. 85–C–1540 (E.D., Wis., 5–14–87), the Court held that Section 360k does not preempt a State tort action based upon inadequate warning regarding a tampon. The basis for the ruling was that the word "requirement" does not include warnings.

In the area of cigarette litigation there is diversity of opinion as to the pre-emptive effect of the federal statute that requires certain warning and that provides that no requirement shall be imposed under State law. In *Cipollone v. Liggett Group, Inc.,*

789 F.2d 181 (3rd Cir.1986), the Court held that the Act did not bar tort claims but does pre-empt a tort claim based on adequacy of warning. To the contrary is *Palmer v. Liggett Group, Inc.,* 633 F.Supp. 1171 (D.Mass.1986).

In *Hurley v. Lederle Laboratories,* 651 F.Supp. 993 (E.D.Tex.1986), which involved the labeling of DPT vaccine, the Court held that a tort claim based on inadequate warning was pre-empted by federal law. To the contrary is *Jeski v. Connaught Laboratories,* Case No. A–84–CA–395 (W.D., Tex., 12–18–86).

It is the opinion of the undersigned Magistrate that the federal statute and regulations pertaining to tampons evidence a congressional intent to pre-empt the field of warnings to be given to the public and that the pre-emption bars this common-law tort action insofar as it is based on inadequacy of warning.

As was said in *San Diego Building Trades Council,* supra, at 359 U.S. 247, 79 S.Ct. 780–81; to sanction either a state court award of damages or the grant of a state court injunction involves a conflict with federal policy in that it allows two law-making sources to govern.

Section 360k is obviously designed to prohibit State interference with any aspect of a device that relates to the safety of that device, including tampons. A requirement imposed by a State Court is no less a requirement than one imposed by a State legislature. See *O'Gilvie v. International Playtex, Inc.,* 609 F.Supp. 817 (D.Kan. 1985), where Playtex was forced by the Court to alter the warning language.

The obvious question is whether there can be effective and appropriate federal regulation of this field if every state court judge and jury also has the coercive power to affect the nature of the warnings. It is basically a medical problem, and one that would appear to best be resolved by medical professionals rather than by lay persons in the context of tort litigation.

A warning, whether by an insert or directly on the package, is most effective if it is concise and reasonably brief inasmuch as

the ultimate goal is to have it read by users. The grant to judges and juries of the right to compel additional language is not conducive to brevity. Moreover, it is in direct contravention of Section 360k's mandate against any additional requirement.

The Defendant's Motion in Limine is granted, the issue as to adequacy of the warning is eliminated from this case, and all evidence and argument relating to that issue will be excluded.