Joseph MITCHELL

v.

IOLAB CORPORATION, et al.

Civ. A. No. 87-5503.

United States District Court,
E.D. Louisiana.

Oct. 25, 1988.

Angelo J. Piazza, III, Anita Williams, Pineville, La., for plaintiff.

Henry B. Alsobrook, Lisa D. Newman, Adams & Reese, New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Plaintiff, Joseph Mitchell, had an intraocular eye lens, the "G707G", implanted into

his eye on June 25, 1985 by Dr. Riley Sibley at East Jefferson General Hospital in Jefferson Parish, Louisiana. The lens was manufactured by the defendant, Iolab Corp. Plaintiff alleges that he suffered injuries as a result of a defect in the lens.

Plaintiff invokes the Court's diversity jurisdiction and claims that Iolab is liable under Louisiana state law theories of strict liability for defective design and/or composition of the lens.

On June 1, 1988, defendant filed a motion for summary judgment on the grounds that plaintiff's state law tort claims are preempted by federal regulations concerning the intraocular eye lens.

Regulatory authority over medical devices was vested in the Food and Drug Administration (FDA) by Congress in the Federal Food, Drug & Cosmetic Act of 1938, 21 U.S.C. § 301 *et seq* (the Act). In 1976, Congress enacted the Medical Device Amendments of 1976 to bolster the FDA's regulatory powers. 21 C.F.R. 800 *et seq.*

In November 1977, the FDA issued Investigational Device Exemption (IDE) Regulations for intraocular lenses pursuant to the Act. These regulations are found at 21 C.F.R. 813 *et seq.* They establish rules for the investigational use of intraocular lenses as permitted by Sec. 520(g) of the Act, which allows the FDA to exempt devices from the otherwise stated provisions of the Act, for investigational use to determine their safety and effectiveness. At the time of Mr. Mitchell's lens implant, the G707G was the subject of a clinical investigation conducted pursuant to 21 C.F.R. 813 *et seq.*

The requirements of 21 C.F.R. 813 fall under the guise of an express preemption clause, 21 U.S.C. § 360k(a), entitled "State and local requirements respecting devices", which provides in pertinent part:

> No State or political subdivision of a State may establish or continue in effect with respect to a device ... any requirement ... which is different from, or in addition to, any requirement applicable under this Act to the device ... which relates to the safety and effectiveness of the device....

Congress was clear in its purpose in promulgating Section 360k(a): in addition to the general maxim of safeguarding the public health, (*see* H.R.Rep. No. 853, 94th Cong., 2d Sess. 12 (1976), and H.R.Doc.F., 98th Cong., 1st Sess. 102 (1983)), Congress intended to prevent an undue burden on interstate commerce through the proliferation of varying state requirements. H.R.Conf.Rep. No. 1090, 94th Cong., 2d Sess. 55 (1976), 1976 U.S.Code Cong. & Ad.News 1070, 1107. It is clear that certain state law requirements involving the intraocular lens are pre-empted by these federal regulations.

The Fifth Circuit has found that the issue of whether state regulations are preempted by federal law involves a two-step analysis. First, it must be determined whether the state requirements relate to a matter included in the Federal Regulations, and second, if so, whether those regulations are different from or in addition to any requirement in the Federal Regulations. *Smith v. Pingree*, 651 F.2d 1021 (5th Cir.1981).

Several clauses of Sec. 813 *et seq* invoke Part 50 of that section dealing with informed consent. *See* Secs. 813.5(c)(4), 813.-20(8), 813.20(11), 813.43(2), 813.66(6), 813.-155(d)(2). Sec. 813.5(c)(4) provides the general requirements for an exemption "to permit investigational studies of the device by experts who are qualified by scientific training and experience to investigate the safety and effectiveness of the lenses" under 813.1 *et seq,* and requires that the requirements under Part 50 dealing with informed consent be met.

21 C.F.R. 50.20 explains the general requirements for informed consent. That section reads in pertinent part:

> No informed consent, whether oral or written, may include any exculpatory language through which the subject or the representative is made to waive or appear to waive any of the subject's legal rights, or releases or appear to release the investigator, the sponsor, the institution, or its agents from liability for negligence.

This section is incorporated by reference into 21 C.F.R. 813.1 *et seq* and clearly preserves the subject's legal rights. Effectively, this section establishes that state tort law is neither "... different from, or in addition to, any requirement applicable under this Act to the device ... which relates to the safety and effectiveness of the device...." 21 U.S.C. 360k(a).

Accordingly, defendant's motion for summary judgment on the grounds that plaintiff's state law tort claims are preempted by the federal regulations is DENIED.