**Judy L. CORNELISON, Plaintiff,**

v.

**TAMBRANDS, INC. and Johnson & Johnson Products, Inc., Defendants.**

**No. Civ. 3–87–733.**

United States District Court,
D. Minnesota,
Third Division.

April 25, 1989.

---

Marcy S. Wallace, Charlotte M. Reed, McNulty & Wallace, St. Paul, Minn., for plaintiff.

Susan D. Hall, Shelly A. Simmering, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, Minn., Roger E. Podesta, Joseph P. Moode, Daniel J. Goldstein, Debevoise & Plimpton, New York City, for defendant Tambrands, Inc.

Gary J. Haugen, Susan E. McGrath, Maslon, Edelman, Borman & Brand, Minneapolis, Minn., George Gore, Victoria L. Vance, Arter & Hadden, Cleveland, Ohio, for defendant Johnson & Johnson Products, Inc.

## ORDER

DEVITT, District Judge.

Currently pending are motions for partial summary judgment by defendant Tambrands, Inc. (Tambrands) and Johnson & Johnson Products, Inc. (JJP). Based upon the submitted memoranda, oral argument of counsel and the record as a whole, the motions are granted.

## BACKGROUND

Plaintiff Judy Cornelison alleges that she contracted Toxic Shock Syndrome (TSS) in 1984 as a result of her use of tampons manufactured and sold by defendants. Tambrands manufactures and sells Tampax Super Tampons and JJP manufactures and sells O.B. Super Plus and Super Tampons.

Plaintiff asserts several causes of action against defendants, including negligence, strict liability, and breach of express and implied warranties. As part of the first two causes of action, plaintiff alleges defendants failed to provide adequate warning of the risks associated with tampon use.

Defendants' motions for partial summary judgment address the claims of inadequate warnings. Both defendants claim that state tort standards for adequate warnings are preempted by federal law, specifically the 1976 Medical Device Amendments to the Federal Foods, Drug & Cosmetic Act and the corresponding regulations. The portions of the Medical Device Amendments which are relevant here are codified at 21 U.S.C. § 360b *et seq.* Under these amendments, manufacturers of tampons must comply with labeling requirements established by the FDA.

Defendants further argue that they have fully complied with the labeling requirements of the Medical Device Amendments and are, therefore, entitled to summary judgment on plaintiff's claim of inadequate warning. Finally, defendant JJP argues in the alternative that plaintiff's warning claims against it fail as a matter of law because plaintiff admits that she did not read or rely upon any warnings supplied by JJP on or in its o.b. tampon packages.

## DISCUSSION

### A. *Preemption*

 The doctrine of federal preemption, founded upon the supremacy clause of the United States Constitution, invalidates any state law which conflicts with, or is contrary to, valid federal law. Preemption of state law may be found by courts only upon congressional expression of an intent to preempt state law, but such an intent to preempt state law may be made expressly or implicitly in the structure or purpose of legislation. *Fidelity Federal S & L Ass'n. v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). In addition, Congress may authorize administrative agencies to promulgate regulations which preempt state law. *Hillsborough County v. Automated Med. Labs,* 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985).

 The Medical Device Amendments specifically limit the ability of states and localities to impose requirements for medical devices:

Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement

applicable to the device under this chapter.

21 U.S.C. § 360k(a) (1989 Supp.).

The FDA has promulgated regulations to implement this statutory language including the following:

(b) Section [360k(a)] contains special provisions governing the regulation of devices by States and localities. That Section prescribes a general rule that, after May 28, 1976, no State or political subdivision of a State may establish or continue in effect any requirement with respect to a medical device intended for human use having the force and effect of law (whether established by statute, ordinance, regulation or court decision), which is different from, or in addition to, any requirement applicable to such device under any provision of the act

. . . .

21 C.F.R. § 808.1.

Thus, § 360k(a), as interpreted by the FDA, clearly preempts any state tort standard which would impose requirements upon producers of medical devices which are different from, or in addition to, the requirements of the Medical Device Amendments. Based upon the language of § 360k(a) and the corresponding regulation, the vast majority of courts which have addressed the issue of preemption of state tort standards for warning of the dangers of tampons have found that claims of inadequate warnings are indeed preempted. *See, e.g., Moore v. Kimberly–Clark Corp.,* 867 F.2d 243 (5th Cir.1989); *Rinehart v. International Playtex, Inc. and Hook–Super X, Inc.,* 688 F.Supp. 475 (S.D.Ind.1988); *Edmondson v. International Playtex, Inc.,* 678 F.Supp. 1571 (N.D.Ga.1987); *Stewart v. International Playtex, Inc.,* 672 F.Supp. 907 (D.S.C.1987). *Cf., Muzatko v. International Playtex, Inc.,* Case No. 85–C–1540 (E.D.Wis.1987).

Plaintiff argues that congressional intent to preempt state tort law is not expressly stated in § 360k(a) and that, consequently, the statute must be examined for an implicit intent that state law be preempted. Relying on authority in which state regulation of other devices or products is examined, plaintiff argues that no implied preemption can be found in this instance. Most of the arguments raised by plaintiff are addressed in those cases finding that state tort claims of inadequate warnings for tampons are preempted by the Medical Device Amendments. These cases are well-reasoned and this court is convinced that they should be followed. Thus, the court finds that the Medical Device Amendments, as implemented, preempt state tort claims of inadequate warning of the risks associated with tampon use.

### B. *Summary Judgment*

Defendants urge that partial summary judgment be granted based on the finding that there is federal preemption of warning claims in tampon cases. Plaintiff argues that even if the Medical Device Amendments preempt state tort warning claims for TSS victims that summary judgment on the warning issues in this case is inappropriate. Plaintiff alleges that:

1) A material question of fact exists regarding compliance with the federal requirements, and

2) A material question of fact exists as to whether any warnings provided by defendant to plaintiff were put in place on or after December 20, 1982, the effective date of the federal labeling requirements and the earliest date that federal preemption would apply to tampon labeling.

The facts surrounding these alleged questions are as follows. Plaintiff became ill from TSS in early January of 1984. She was menstruating when she became ill and during the course of that menstrual period used both Tampax and o.b. brand tampons. The o.b. tampons were purchased in late 1983 and the Tampax tampons in January of 1984. Plaintiff testified at her deposition that she does not recall ever seeing a warning label on, or insert in, any box of o.b. brand tampons she purchased. She also testified that she does recall finding a leaflet in the box of Tampax tampons purchased in January 1984. Neither box of

tampons used in January of 1984 was retained by plaintiff.

Plaintiff contends that with respect to defendant JJP, which manufactures and distributes o.b. tampons, there is a material question of fact as to whether or not any warning was conveyed in or on the box of o.b. tampons she bought in 1983. Supporting this contention is plaintiff's deposition in which she testifies that she does not recall seeing a warning on or in any o.b. tampons and the affidavit of a local pharmacist in which it is claimed that a box of o.b. tampons without any warnings (presumably packaged before October 1980 when JJS voluntarily placed warnings on its o.b. tampons) was available in his pharmacy in 1984. Plaintiff argues, based on these facts, that the o.b. tampons she used must have been introduced into commerce before the effective date of the FDA labeling regulations and that any state warning claim arising out of the use of the product is not, therefore, preempted. *Kotler v. American Tobacco Co.*, 685 F.Supp. 15 (D.Mass.1988); *Tetuan v. A.H. Robins Co.*, 738 P.2d 1210 (Kan.1987).

Plaintiff makes the same argument with respect to defendant Tambrands based on the affidavit of a Dr. Thomas in which it is claimed that by late 1983 the "vast majority" but not all packages of Tampax tampons would contain the FDA required labeling and warnings instituted in December 1982. Plaintiff's theory is, apparently, that the warning insert she remembers seeing in the Tampax she purchased in January of 1984 was the version of the insert voluntarily placed by JJP from 1980 to 1982, before enactment of the final regulations which effectively preempt state warning claims. Thus, the plaintiff contends, defendants have made an insufficient showing that preemption applies to her claims to justify summary judgment.

■ It is true, as plaintiff argues, that the burden is upon defendants to show the requisite congressional intent to justify preemption. *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed. 2d 443 (1984). However, defendants have carried this burden and have made a suffi-

cient showing that the 1976 Medical Device Amendments and relevant regulations preempt state tort warning claims.

■ If plaintiff wishes to argue that a rule of preemption should not be applied in this case because the particular product she used may have been introduced into commerce before the effective date of the regulations triggering preemption, then the burden is upon her to present facts which support this argument. The best evidence of this claim, the tampon boxes and any package inserts, were at one time in plaintiff's possession and were discarded. In light of this, plaintiff cannot shift the burden to defendants to disprove her claim that the o.b. tampons she purchased had no warning label. Furthermore, plaintiff's deposition testimony does not support the claim because she cannot recall whether the tampons had a warning label or not. The only evidence in support of plaintiff's claim is the pharmacist's affidavit that one box of o.b. tampons without warnings was available for sale in one pharmacy in 1984. This evidence is insufficient to withstand defendants' motions for summary judgment.

Plaintiff makes some suggestion that an attempt to conduct discovery to support her argument that the tampon products she used were in commerce before preemption was triggered has been thwarted by defendants. However, the record reflects no attempt by plaintiff to compel discovery on this issue and the discovery deadline has now passed. Plaintiff's argument that a material question of fact exists with reference to the age of the products she used must be rejected.

■ Plaintiff also claims that a material question of fact exists regarding whether the labeling and package inserts used by defendants comply with the requirements of the 1976 Medical Device Amendments and accompanying FDA regulations. In support of this argument plaintiff provides the affidavit of Dr. Morris F. Cranmer, a toxicologist, in which Dr. Cranmer expresses his opinion that the package label and insert used by JJP to meet the December 20, 1982 FDA requirements as well as

package labeling and inserts used by Tambrands were insufficient to meet the FDA requirements and were defective. Dr. Cranmer's affidavit fails to show the existence of a material factual dispute because there is no evidence that plaintiff used tampons from boxes which contained the labels or inserts discussed in the affidavit. Indeed, any suggestion by plaintiff that she did use tampons from post–1982 is directly contrary to her argument that the tampons were introduced into commerce before the effective date of the regulations triggering preemption.

Accordingly, defendants' motions for partial summary judgment are GRANTED.