**Linda Kay NORTHRIP and Robert Earl Northrip, Plaintiffs,**

v.

**INTERNATIONAL PLAYTEX, INC., Defendant.**

No. 88–0559–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Sept. 28, 1989.

 

Robert J. Perkins, Condon, Strayer & Shouse, Kansas City, Mo., Mark B. Hutton, Michaud & Hutton, Wichita, Kan., for plaintiffs.

Thomas W. Sterchi, Mary-Michael Kelly and R. Douglas Gentile, Baker & Sterchi, Kansas City, Mo., for defendant.

## ORDER

WHIPPLE, District Judge.

Defendant filed a motion May 25, 1989, for summary judgment. Plaintiffs filed a memorandum in opposition July 7, 1989. Defendant filed a reply memorandum July 19, 1989. The parties submitted documentation in support of their opposing positions. For the reasons set forth below, the motion will be granted in part and denied in part.

### I. *Statement of the Case*

The seven-count complaint, filed June 10, 1988, seeks damages due to toxic shock syndrome injuries allegedly suffered by plaintiff Linda Kay Northrip because she used defendant's menstrual tampons. She raises six claims: Negligence, strict liability in tort (i.e., defective product), strict liability for failure to warn, misrepresentation, breach of implied warranty of fitness for particular purpose, and breach of implied warranty of merchantability. Her husband, plaintiff Robert Earl Northrip, seeks damages for loss of consortium.

Defendant seeks summary judgment on two grounds. First, Playtex argues that federal law preempts state-law tort claims based upon inadequate warnings for tampons if the warnings comply with federal requirements. Second, Playtex argues that federal law preempts all state-imposed requirements (including those imposed by verdicts in state tort claim actions) which are different from or additional to federal requirements concerning tampon-associated toxic shock syndrome.

Plaintiffs' responsive argument is threefold. First, Playtex failed to show there is no genuine issue of fact concerning whether the warning requirements were met. Second, federal law was not intended to,

and does not, preempt state tort claims generally. Finally, federal law does not preempt state law claims based specifically on inadequate warning. Plaintiffs argue alternatively that, even if federal law preempts claims based upon inadequate warnings, other claims are not preempted. Plaintiffs assert that federal regulations concern only warnings, so the regulations preempt only those claims related to warnings.

Recent cases in other districts support defendant's argument that warning-related claims are preempted. The trend also supports plaintiffs' alternative argument that claims not related to adequacy of warnings are not preempted. The relevant facts and law reveal that defendant's warning complied with federal requirements. Accordingly, the motion for summary judgment will be granted in regard to (1) paragraph 11.b. of Count I, i.e., the part alleging inadequate warning, (2) Count III, alleging strict liability for failure to warn, and (3) Count IV, misrepresentation.

## II. *Discussion*

### A. Preemption

■ The doctrine of federal preemption, founded upon the supremacy clause of the United States Constitution, invalidates any state law which conflicts with, or is contrary to, valid federal law. Preemption of state law may be found by courts only upon congressional expression of an intent to preempt state law, but such an intent to preempt may be expressed or implied in the structure or purpose of the legislation. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). In addition, Congress may authorize administrative agencies to promulgate regulations which preempt state law. *Hillsborough County v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 713, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714 (1985).

■ Federal law concerning tampons can be found in the 1976 Medical Device Amendments to the federal Foods, Drug & Cosmetic Act and corresponding regulations. 21 U.S.C. § 360b *et seq.* and 21

C.F.R. § 808.1 *et seq.* Menstrual tampons are classified by regulation as "medical devices." 21 C.F.R. §§ 884.5460 and 884.5470. The relevant preemption section is 21 U.S.C. § 360k(a) (1989 Supp.):

> Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

The Food and Drug Administration (FDA) promulgated regulations to implement this statutory language:

> (b) Section [360k(a) ] contains special provisions governing the regulation of devices by States and localities. That Section prescribes a general rule that, after May 28, 1976, no State or political subdivision of a State may establish or continue in effect any requirement with respect to a medical device intended for human use having the force and effect of law (whether established by statute, ordinance, regulation or court decision), which is different from, or in addition to, any requirement applicable to such device under any provision of the act. . . .

21 C.F.R. § 808.1. Thus, Section 360k(a), as interpreted by the FDA, clearly preempts any state tort standard which would impose requirements upon producers of medical devices which are different from, or in addition to, the requirements of the Medical Device Amendments.

### B. Warning Requirements

Labeling and warning requirements were adopted by the FDA on June 22, 1982, in 21. C.F.R. W 801.430, entitled "User labeling for menstrual tampons." Based upon the preemption language of Section 360k(a) and the corresponding regulation, the vast majority of courts which have addressed

the issue of preemption of state tort standards for warning of the dangers of tampons have found that claims of inadequate warnings indeed are preempted. *See, e.g., Parrott v. International Playtex, Inc.,* No. SA CV 88–491 (C.D.Cal. May 15, 1989); *Cornelison v. Tambrands, Inc.,* 710 F.Supp. 706, 709 (D.Minn.1989); *Moore v. Kimberly–Clark Corp.,* 867 F.2d 243, 246–247 (5th Cir.1989); *Rinehart v. International Playtex, Inc.,* 688 F.Supp. 475, 477 (S.D.Ind.1988); *Lavetter v. International Playtex,* 706 F.Supp. 722, 723 (D.Ariz. 1988), *appeal docketed,* No. 88–2554 (9th Cir. April 21, 1988); *Meyer v. International Playtex, Inc.,* 724 F.Supp. 288 (D.N.J. 1988); *Briggs v. International Playtex, Inc.,* No. 86–C–540–E (N.D.Okla. April 7, 1988); *Stucker v. International Playtex, Inc.,* No. C–87–0440L(B) (W.D.Ky. Feb. 20, 1988), *rev'd on other grounds,* 865 F.2d 261 (6th Cir.1988); *Edmondson v. International Playtex, Inc.,* 678 F.Supp. 1571, 1572 (N.D.Ga.1987); *Kelchner v. International Playtex, Inc.,* No. 84–1426 (M.D.Pa. Sept. 1, 1987); *Perotta v. International Playtex, Inc.,* No. 86–8099–CIV–KEHOE (S.D.Fla. Nov. 9, 1987); *Stewart v. International Playtex, Inc.,* 672 F.Supp. 907, 909–910 (D.S.C.1987); *Ignace v. International Playtex, Inc.,* No. 86–C–430–C (W.D.Wis. Aug. 14, 1987). *Cf., Muzatko v. International Playtex, Inc.,* No. 85–C–1540 (E.D.Wis. May 14, 1987).

Plaintiffs argue that congressional intent has not been examined sufficiently by the courts to support a finding that claims based upon warnings are preempted. However, intent has been manifested sufficiently in the statute and regulations to cause the courts in the cases listed above (except *Muzatko* ) to find preemption. Referring to *Moore, Rinehart, Edmondson,* and *Stewart, all supra,* the court said in *Cornelison,* 710 F.Supp. at 709:

> "These cases are well-reasoned and this court is convinced that they should be followed. Thus, the court finds that the Medical Device Amendments, as implemented, preempt state tort claims of inadequate warning of the risks associated with tampon use."

In regard to compliance with federal requirements, plaintiffs assert that a genuine issue of material fact remains. Conspicuously absent, however, is any identification of what that issue might be. Defendant, on the other hand, used painstaking detail to compare the printed warning with the federal requirements. The comparison illustrates that the warning complied with the requirements. In light of the apparently complete compliance, and in the absence of any specific reason to doubt compliance, the warning must be found to be sufficient.

Having found that the warning complied with federal requirements, a finding that the warning was inadequate would be a finding which is different from the federal requirements. Such a finding, as noted above, is preempted. Therefore, a claim which seeks such a finding of inadequate warning cannot be maintained. Such claims are contained in Counts I, III and IV of plaintiffs' complaint.

In paragraph 11.b. of Count I, plaintiffs allege negligent failure to warn. In Count III, plaintiffs allege strict liability for failure to provide adequate warning. In Count IV, plaintiffs allege misrepresentation. A judgment in favor of plaintiffs on any of these claims, effectively would be a requirement that defendant employ a warning different from the one it employed. The United States Supreme Court explained how a tort claim can be a requirement which conflicts with a contrary regulation:

> [R]egulation can be as effectively exerted through an award of damages as through some form of preventive relief. The obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy.

*San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 247, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959). *See, Rinehart v. International Playtex, Inc., supra,* 688 F.Supp. at 477–478, regarding tampon warning labels. Any such labeling or warning requirement would be . different from, and/or in addition to, the federal

requirements.[1] As discussed above, different or additional requirements are precluded by the preemption doctrine. Therefore, as a matter of law, those claims cannot be maintained. Judgment must be rendered in favor of defendant on those claims.

### C. Claims unrelated to warnings

The issue of preemption has not been litigated as much in regard to non-warning claims as with warning claims. Perhaps that is because the only federal regulation concerning tampons concerns labeling and warnings. Nevertheless, the Fifth Circuit Court of Appeals recently considered and decided the point directly in *Moore v. Kimberly–Clark Corp., supra*, 867 F.2d at 246:

> After carefully reviewing the governing statutes and regulations, we find no clear intent on the part of Congress or the FDA to preempt the entire field of tort liability with the TSS [toxic shock syndrome] labeling requirements. Indeed, the regulations explicitly limit their preemptive effect, stating that "[s]tate or local requirements are preempted only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act...." 21 C.F.R. § 801.1(d). The only federal requirements regarding tampons are those which prescribe certain labeling and warning statements. There are no federal regulations on tampon design, composition, or construction. Therefore, we find that the tampon labeling requirements promulgated pursuant to the statutory scheme regulating medical devices do not preempt plaintiff's state law claims based upon the design, composition and construction of tampons.

While no appellate court has decided the precise issue before this Court, this Circuit has decided a similar issue involving § 360k in *Smith v. Pingree*, 651 F.2d 1021 (5th Cir. Unit B 1981). The issue involved in *Pingree* was the preemptive effect [of] FDA regulations involving hearing aid labeling and conditions for sale. The *Pingree* court found that various Florida regulations on the fitting, sale and packaging of hearing aids were not preempted under 21 U.S.C. § 360k by FDA regulations on hearing aid labeling and conditions for sale. As to each challenge, the court compared the state and federal regulations and concluded:

> Because here federal regulations did not address the mechanics of fitting hearing aids to patients, the state was free to prescribe minimal procedures to be followed and equipment to be used in the fitting of hearing aids. The result would, of course, be different had the federal regulations specifically provided that the manner of conducting the hearing tests should be left to the dispenser. In that event, it is clear that any state requirement, to be valid, would need to be exempted from preemption.[2]

The *Pingree* court also held that § 360k did not preempt a state statute requiring the inclusion of a detailed receipt with the delivery of any hearing aid:

> Viewing this statute in light of 21 U.S.C. § 360k, we find that the [state] statute does not relate "to a matter included in a federal requirement applicable to a device," and therefore is not preempted by the federal regulation.[3]

Finally, the *Pingree* court considered a state regulation which required a disclaimer label to be included on hearing aid packages, which federal regulations required an instructional brochure to be included inside each package. The court concluded:

> We find sufficient difference, however, between an instructional brochure and packaging to distinguish the

---

**1.** Plaintiffs argue that the federal regulations are merely minimum standards, such that more rigid requirements may be imposed. Plaintiffs rely upon *O'Gilvie v. International Playtex*, 821 F.2d 1438 (10th Cir.1987), *cert. denied*, 486 U.S. 1032, 108 S.Ct. 2014, 100 L.Ed.2d 601 (1988). However, the issue of preemption was not raised in that case, so it will be disregarded here.

**2.** 651 F.2d at 1024

**3.** *Id.* at 1025.

thrust of the federal regulation from that of the state requirement. Because the federal requirements did not regulate every aspect of this area, the state had the implied reservation of power to fill out the scheme.[4]

Kimberly–Clark relies upon several district court cases to support its argument that federal law preempts plaintiff's state law claims in this case. Five of these decisions[5] dismissed claims based on inadequate warning which were the only claims subject to the motions for summary judgment before the court.

A recent district court case has ruled that only those tort claims based on inadequate warning are preempted.[6]

(footnotes included but renumbered)

The recent district court case footnoted in *Moore* was *Rinehart v. International Playtex, Inc.*, *supra* 688 F.Supp. at 478, where the court said:

> * * * The only federal requirements regarding tampons are those prescribing certain labeling and warning statements. There are no federal regulations on tampon design or composition. Therefore, because there is no "specific [federal] counterpart regulation" with which a jury decision on tampon design could conflict, this Court finds that the federal Medical Device Amendments do not preempt plaintiff's claim of design defect. [quoting in part 21 C.F.R. § 808.1(d)]

▆ As illustrated by these discussions in *Moore* and *Rinehart*, the statutory and regulatory provisions do not preempt state tort claims which are apart from labeling and warning requirements. Accordingly, plaintiff may continue to pursue those claims because summary judgment would be inappropriate at this juncture.

### D. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. In passing on a motion for summary judgment, the court must view the facts presented, plus all reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing the motion. *Kuehn v. Garcia*, 608 F.2d 1143, 1146 (8th Cir.1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777; *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 728 (8th Cir.1979), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420. The moving party bears the burden of presenting evidence which demonstrates the nonexistence of any issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Gray v. Greyhound Lines, East*, 545 F.2d 169, 174 (D.C.Cir.1976).

In this instance, defendant has demonstrated that it complied with the warning requirements of federal law. Notwithstanding its contrary assertion, plaintiffs have pointed to no specific instance whereby the warnings failed to meet the requirements. On that basis, and in light of the statutes, regulations and court decisions, summary judgment will be entered in favor of defendant concerning claims related to labeling and warning.

However, defendant has not shown that it is entitled to judgment as a matter of law in regard to the non-warning claims. The statutes, regulations and court decisions do not support defendant's argument on those

---

4. *Id.*

5. *Briggs v. International Playtex, Inc.*, No. 86–C–540–B (N.D.Okla. April 7, 1988); *Stucker v. International Playtex, Inc.*, No. C–87–0440L(B) (W.D.Ky. Feb. 20, 1988); *Stewart v. International Playtex, Inc.*, 672 F.Supp. 907, 909–910 (D.S.C. 1987); *Edmonston* [sic, *Edmondson* ] *v. International Playtex, Inc.*, No. 85–306 [678 F.Supp. 1571] (N.D.Ga. Sept. 29, 1987); *Ignace v. Inter-*

national Playtex, Inc., No. 84–1462 (N. [sic, W.]D.Wis. August 14, 1987)[.]

6. *Rinehart v. International Playtex, Inc.*, 688 F.Supp. 475 (S.D.Ind.1988). In ruling plaintiff's design defect claim was not preempted, the *Rinehart* court relies on the language of 21 C.F.R. 808.1(d) and FDA comments explaining it.

claims. Therefore, summary judgment cannot be granted on the grounds of pre-emption as urged by defendant.

### III. *Conclusion*

As discussed above, defendant has complied with the labeling and warning requirements of federal law. Therefore, claims related to labeling and warning are preempted. On that basis summary judgment will be entered in favor of defendant and against plaintiff. However, state tort claims which do not directly concern labeling and warning are not preempted. Summary judgment on the grounds of preemption must be denied in regard to those claims.

It is

ORDERED that defendant's motion, filed May 25, 1989, for summary judgment is granted in part and denied in part. It is further

ORDERED that summary judgment shall be entered in favor of defendant and against plaintiff only with respect to claims concerning labels and warnings on defendant's tampon products, that is, paragraph 11.b. of Count I, all of Count III and all of Count IV. It is further

ORDERED that summary judgment on the grounds of preemption is denied in regard to the remaining part of Count I, and all of Counts II, V, VI and VII.