Joyce A. MOORE, Plaintiff–Appellant,

v.

KIMBERLY–CLARK CORPORATION,
Defendant–Appellee.

No. 88–4008.

United States Court of Appeals,
Fifth Circuit.

March 8, 1989.

Rehearing and Rehearing En Banc
Denied April 14, 1989.

Linda S. Blackman, Gordon E. Round-tree, Hal Lyons, Shreveport, La., for plaintiff-appellant.

Maryls A. Marshall, Wichita, Kan., Arthur H. Bryant, Washington, D.C., for amicus, Trial Lawyers.

Donna Phillips, John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellee.

Richard M. Cooper, Kevin J. Hasson, Washington, D.C., for amicus curiae, Playtex.

Before WILLIAMS and GARWOOD, Circuit Judges, and POLOZOLA,[*] District Judge.

POLOZOLA, District Judge:

Contending that she contracted toxic shock syndrome (TSS) following her use of tampons manufactured by Kimberly–Clark Corporation (Kimberly–Clark), Joyce G. Moore and her husband filed suit in a Louisiana state court seeking to recover damages under Louisiana law. Kimberly–Clark timely removed the suit to federal court. Thereafter, Kimberly–Clark moved for summary judgment. The district court found all of plaintiff's state law claims were preempted by federal law and granted Kimberly–Clark's motion for summary judgment.[1]

### I. Issue on Appeal

The question presented on this appeal is whether 21 U.S.C. § 360k and 21 C.F.R. § 801.1(b) preempt all state law claims asserted against the manufacturer of the

---

[*] District Judge of the Middle District of Louisiana, sitting by designation.

1. *Moore v. Kimberly–Clark Corp.,* 676 F.Supp. 731 (W.D.La.1987).

tampons. We find that federal law only preempts state law claims against the manufacturer based on inadequate warning and labeling. Accordingly, we affirm in part and reverse in part the decision of the district court.

## II. Applicable Statutes, Regulations and Legislative History

It is a well established principle that the Supremacy Clause invalidates state laws that "interfere with, or are contrary to," federal law.[2] Preemption may be express or implied. "Where ... the field which Congress is said to have pre-empted has been traditionally occupied by the States ... 'we start with the assumption that the historic police power of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'"[3] In the absence of express preemptive language, the court may infer congressional intent to preempt state law only "where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation."[4] State law may be preempted by federal regulations as well as by federal statutes.[5] Where preemption is based on a federal regulation, the court's inquiry is limited to a determination of whether the administrator "has exceeded his statutory authority or acted arbitrarily."[6]

In 1976, Congress enacted certain amendments to the Food, Drug and Cosmetic Act[7] to protect the public health and safety.[8] Congress delegated to the Food and Drug Administration (FDA) the "authority to promulgate regulations for the efficient enforcement of the chapter ..."[9] As part of the federal regulatory scheme, Congress enacted 21 U.S.C. § 360k(a) which provides:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
>
> (1) which is different from, or in addition to any requirement applicable under this Act to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act.

Thereafter, the FDA promulgated 21 C.F.R. § 808.1(b) which states:

> Section 521(a) of the act [21 U.S.C. § 360k(a)] contains special provisions governing the regulation of devices by States and localities. That section prescribes a general rule that ... no State or political subdivision of a State may establish or continue in effect any requirement with respect to a medical device intended for human use having the force and effect of law (whether established by statute, ordinance, regulation, or court decision); which is different from, or in addition to, any requirement applicable to such device under any provision of the act and which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under the act.

The FDA did not intend to preempt all state laws and regulations pertaining to tampons. This is made clear in 21 C.F.R. § 801.1(d) which provides that "[s]tate or

**2.** U.S. Const., art. VI, cl. 2.

**3.** *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977) (quoting *Rice v. Sante Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Hillsborough County, Fla. v. Automated Med. Labs.,* 471 U.S. 707, 715, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985).

**4.** *Hillsborough,* 471 U.S. at 713, 105 S.Ct. at 2375; *Hurley v. Lederle Lab Div. of American Cyanamid,* 851 F.2d 1536, 1539 (5th Cir.1988).

**5.** *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 143, 102 S.Ct. 3014, 3017, 73 L.Ed.2d 664 (1982).

**6.** *Fidelity Fed. Sav. & Loan,* 458 U.S. at 153–54, 102 S.Ct. at 3022–23 (citing *United States v. Shimer,* 367 U.S. 374, 381–82, 81 S.Ct. 1554, 1559–60, 6 L.Ed.2d 908 (1961)).

**7.** 21 U.S.C. § 301 et seq.

**8.** 1976 U.S.Code Cong. & Admin.News (90 Stat.) 539.

**9.** 21 U.S.C. § 371(a).

local requirements are preempted only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act...." The relevant requirements applicable under § 360k are set forth in 21 C.F.R. §§ 801.430, 884.5460, and 884.5470, which declare that tampons are a medical device covered by the Act and outline the liability and warning requirements with respect to TSS.

The legislative history on § 360k fails to clearly define the scope of preemption. The House Report on the proposed bill that later became the 1976 amendments to the Food, Drug and Cosmetic Act discusses the bill's "general prohibition on non-Federal regulation."[10] While the FDA has used broad preemption language at times,[11] the ruling by which the FDA promulgated § 808.1(d) was narrower and more specific:

> [As to FDA hearing aid regulations, for example,] only requirements relating to labeling and conditions for sale were preempted, not all State or local requirements regulating other facets of hearing aid distribution."[12]

According to the FDA, "the scope of preemption is limited to instances where there are specific FDA requirements applicable to a particular device or class of devices ... The phrase 'or in addition to, any requirement applicable under this Act to the device' means that an FDA requirement must exist before preemption can occur."[13] However, to "infer pre-emption whenever an agency deals with a problem comprehensively is virtually tantamount to saying that whenever a federal agency decides to step into a field, its regulations will be exclusive. Such a rule, of course, would be inconsistent with the federal-state balance embodied in our Supremacy Clause jurisprudence."[14]

### III. Facts

We turn now to a discussion of the facts of this case. Plaintiff contends she purchased defendant's tampon products in November of 1984 and used them for the first and only time in March of 1985. Thereafter, she became ill and was eventually diagnosed as suffering from TSS. Plaintiff filed suit seeking to recover under Louisiana law. She contends that Kimberly–Clark was negligent[15] in failing to adequately warn purchasers, such as plaintiff, of the dangers of the use of tampons.[16] Plaintiff also asserts a strict liability claim[17] based on defective construction, composition and design of the tampon.[18] Plaintiff does not dispute that the defendant at all times complied with the toxic shock warning requirements promulgated by the FDA.

---

**10.** H.R.Rep. No. 853, 94th Cong., 2d Sess. 45 (1976).

**11.** *See* 45 Fed.Reg. 67,328 (1980) wherein the agency stated that "preemption is not restricted to State requirements that directly conflict with Federal law, but rather extends to requirements that are different from, or in addition to, any requirement applicable to the device under the Act."

**12.** 43 Fed.Reg. 18,662 (1978).

**13.** *Rinehart v. International Playtex, Inc.,* 688 F.Supp. 475 (S.D.Ind.1988) (quoting 43 Fed.Reg. 18,662 (1978)).

**14.** *Hillsborough,* 471 U.S. at 717, 105 S.Ct. at 2377.

**15.** La.Civ.Code art. 2315 provides:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.

**16.** Paragraph 11 of plaintiff's complaint.

**17.** Plaintiff specifically asks for relief under La. Civ.Code art. 2545, which deals with redhibition, even though most of her complaint is couched in terms of products liability, which is covered by La.Civ.Code arts. 2315 et seq. La.C. C. article 2545 states:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.

**18.** Paragraph 16 of plaintiff's complaint.

Kimberly–Clark contends that Congress and the FDA have preempted state law as to the regulation of tampons as a medical device intended for human use. The district court agreed with defendant's argument that federal law had totally preempted plaintiff's state law claims and granted defendant's motion for summary judgment.

## IV. Congress Did Not Mandate Total Preemption of State Law

After carefully reviewing the governing statutes and regulations, we find no clear intent on the part of Congress or the FDA to preempt the entire field of tort liability with the TSS labeling requirements. Indeed, the regulations explicitly limit their preemptive effect, stating that "[s]tate or local requirements are preempted only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act...." 21 C.F.R. § 801.1(d). The only federal requirements regarding tampons are those which prescribe certain labeling and warning statements. There are no federal regulations on tampon design, composition, or construction. Therefore, we find that the tampon labeling requirements promulgated pursuant to the statutory scheme regulating medical devices do not preempt plaintiff's state law claims based on the design, composition, and construction of tampons.

While no appellate court has decided the precise issue before this Court, this Circuit has decided a similar issue involving § 360k in *Smith v. Pingree*, 651 F.2d 1021 (5th Cir. Unit B 1981). The issue involved in *Pingree* was the preemptive effect FDA regulations involving hearing aid labeling and conditions for sale. The *Pingree* court found that various Florida regulations on the fitting, sale and packaging of hearing aids were not preempted under 21 U.S.C. § 360k by FDA regulations on hearing aid labeling and conditions for sale. As to each challenge, the court compared the state and federal regulations and concluded:

> Because here federal regulations did not address the mechanics of fitting hearing aids to patients, the state was free to prescribe minimal procedures to be followed and equipment to be used in the fitting of hearing aids. The result would, of course, be different had the federal regulations specifically provided that the manner of conducting hearing tests should be left to the dispenser. In that event, it is clear that any state requirement, to be valid, would need to be exempted from preemption.[19]

The *Pingree* court also held that § 360k did not preempt a state statute requiring the inclusion of a detailed receipt with the delivery of any hearing aid:

> Viewing this statute in light of 21 U.S.C. § 360k, we find that the [state] statute does not relate "to a matter included in a federal requirement applicable to a device," and therefore is not preempted by the federal regulation.[20]

Finally, the *Pingree* court considered a state regulation which required a disclaimer label to be included on each hearing aid package, which federal regulations required an instructional brochure to be included inside each package. The court concluded:

> We find sufficient difference, however, between an instructional brochure and packaging to distinguish the thrust of the federal regulation from that of the state requirement. Because the federal requirements did not regulate every aspect of this area, the state had the implied reservation of power to fill out the scheme.[21]

Kimberly–Clark relies on several district court cases to support its argument that federal law preempts plaintiff's state law claims in this case. Five of these decisions[22] dismissed claims based on inade-

---

**19.** 651 F.2d at 1024.

**20.** *Id.* at 1025.

**21.** *Id.*

**22.** *Briggs v. International Playtex, Inc.*, No. 86–C–540–B (N.D.Okla. April 7, 1988); *Stucker v. International Playtex, Inc.*, No. C–87–0440 (W.D.Ky. Feb. 27, 1988); *Stewart v. International Playtex, Inc.*, 672 F.Supp. 907 (D.S.C.1987);

quate warning which were the only claims subject to the motions for summary judgment before the court.

A recent district court case has ruled that only those tort claims based on inadequate warning are preempted.[23]

## V. Conclusion

Considering *Pingree* and the wording and legislative history of the federal statutes and regulations involved in this case, we conclude that only those state law claims asserted by the plaintiff which are based on inadequate labeling and warning statements are preempted by 21 U.S.C. § 360k and 21 C.F.R. § 801.1(b). The district court's opinion which dismissed plaintiff's state law claims based on inadequate warning and labeling is affirmed. Since we have concluded that plaintiff's state law claims based on design, composition and construction of tampons were not preempted by federal law to the extent that such claims do not wholly or partially depend on inadequate or improper warning or labeling, the opinion of the district court which dismissed these claims is hereby reversed and remanded to the district court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

*Edmonston v. International Playtex, Inc.*, No. 85–306 (N.D.Ga. Sept. 29, 1987); *Ignace v. International Playtex, Inc.*, No. 84–1462 (N.D.Wis. Aug. 14, 1987)

**23.** *Rinehart v. International Playtex, Inc.*, 688 F.Supp. 475 (S.D.Ind.1988). In ruling plaintiff's design defect claim was not preempted, the *Rinehart* court relies on the language in 21 C.F.R. 808.1(d) and FDA comments explaining it.