**Kimberly BEJARANO, a minor child By and Through Alex BEJARANO, her Guardian Ad Litem; and Alex Bejarano and Jan Bejarano, husband and wife, Plaintiffs,**

v.

**INTERNATIONAL PLAYTEX, INC., a foreign corporation, Defendant.**

Civ. No. 87–4027.

United States District Court, D. Idaho.

May 10, 1990.

Russell E. Webb, Radin & Webb, Idaho Falls, Idaho, Mark B. Hutton, Michaud Cordry Michaud Hutton & Hutton, Wichita, Kan., for plaintiffs.

Robert J. Koontz, Bruce C. Jones, Catherine A. King, Evans, Keane, Koontz, Boyd & Ripley, Boise, Idaho, William H. Robinson, Jr., Patricia F. Stone, Wright Robinson McCammon & Tatum, Richmond, Va., Richard M. Cooper, Kevin J. Hasson, Williams & Connolly, Washington, D.C., for defendant.

## MEMORANDUM DECISION

CALLISTER, District Judge.

The Court has before it the motion of defendant International Playtex, Inc. (Playtex) for summary judgment. The Court has heard oral argument and delayed issuing a decision as identical issues were on appeal to the Ninth Circuit in *Lavetter v. International Playtex, Inc.*, No. 88–2554 (9th Cir., appeal docketed April 21, 1988). No decision has yet been rendered in *Lavetter* and further delay in the present case is unacceptable. The Court will therefore proceed to resolve Playtex's motion for summary judgment and determine whether there exist any genuine issues of material fact. *See* Fed.R.Civ.P. 56(c).

The plaintiffs Alex and Jan Bejarano are the parents of plaintiff Kimberly Bejarano. Kimberly, who is now nineteen years old, allegedly contracted Toxic Shock Syndrome (TSS) from a tampon manufactured by Playtex. The plaintiffs' complaint states that Kimberly "has suffered various severe disabling and permanent personal injuries as a direct and proximate result of her use of the Playtex tampon." Plaintiffs' complaint filed February 20, 1987, at paragraph 7, p. 2. The complaint contains four causes of action. Count one alleges that Playtex is liable in negligence and strict liability for failing to warn plaintiff of the Tampon's risks; failing to adequately design the tampon; and failing to adequately test and manufacture the tampon, among other allegations. Count two contains a breach of express and implied warranties claim. Count three alleges emotional distress while count four alleges a violation of the Idaho Consumer Protection Act. Finally, count five seeks punitive damages.

Playtex's motion for summary judgment is based primarily on the doctrine of preemption. Playtex argues that the Medical Device Amendments of 1976 expressly preempt state tort claims governing tampons, and that plaintiffs' complaint must therefore be dismissed. The Medical Device Amendments of 1976 amended the Food, Drug and Cosmetic Act to bring "medical devices" as well as drugs within the jurisdiction of the Food and Drug Administration (FDA). The Amendments were designed to protect the public from hazardous medical devices by empowering the FDA to set national safety standards. *See* 1976 U.S.Code Cong. & Admin.News at pp. 1070, 1071. In its regulations promulgated pursuant to the Amendments, the FDA found that tampons are "medical devices." 21 C.F.R. §§ 884.5460, 884.8570. The FDA concluded that TSS is

a rare but serious and sometime fatal disease ... associated with the use of

menstrual tampons. To protect the public and to minimize the serious adverse of TSS, menstrual tampons shall be labeled as set forth in paragraphs (c) and (d) of this section.

21 C.F.R. § 801.430(b).

The paragraph (c) referred to in the regulation above requires a specifically worded warning—to be put on a tampon package or insert—that tampons are associated with TSS. Paragraph (d) requires a statement on the package or insert informing the tampon consumer about the warning signs of TSS; the statistical risk of contacting TSS; ways to avoid TSS including using other methods to control menstrual flow; and the need to seek medical attention immediately if any of the warning signs appear.

The Amendments were designed generally to set federal standards of safety for medical devices. To avoid a patchwork quilt system of varying state regulations, the Amendments prohibited state laws that were "different from, or in addition to," any FDA requirement:

> [N]o state or political subdivision of a state may establish or continue in effect with respect to a device intended for human use any requirement—
>
> > (1) which is different from, or in addition to any requirement applicable under this Act to the device, and
> >
> > (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act.

21 U.S.C. § 360k(a).

The FDA also promulgated a regulation on the premption of state laws:

> [Section 360k(a)] contains special provisions governing the regulation of devices by states and localities. That section proscribes a general rule that ... no state or political subdivision of a state may establish or continue in effect any requirement with respect to a medical device intended for human use having the force and effect of law (whether established by statute, ordinance, regulation, or court decision); which is different from or in addition to any require-

ment applicable to such device under any provision of the Act and which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under the Act.

21 C.F.R. § 808.1(b).

By statute and regulation, Congress and the FDA seek to pre-empt state laws that are different from FDA regulations governing medical devices. The supremacy clause gives Congress the power to expressly pre-empt state laws that conflict with federal law. U.S. Const. Art. VI, cl. 2. Does § 360k(a) bar the state law claims brought by the plaintiffs in the present action? In this case, the plaintiffs allege, among other things, that Playtex failed to adequately warn plaintiffs of the dangers of tampons and failed to properly design and construct the tampons. § 360k(a) bars these claims if they constitute "requirements ... different from or in addition to" the labeling requirements discussed earlier contained in 21 C.F.R. 801.430. While the FDA has set standards for warnings, it has not established any guidelines for tampon design, testing, manufacture, or distribution. When the FDA has only acted in the area of warnings, it is difficult to see how a state cause of action for, say, defective design, would conflict with any federal law or regulation. In fact, this is the conclusion reached in a Fifth Circuit case decided just two months ago, *Moore v. Kimberly–Clark Corp.*, 867 F.2d 243 (5th Cir.1989). In that case, the plaintiff claimed she had contacted TSS through defendant's tampons, and brought a tort action alleging negligent failure to warn and defective design. *Id.* at 245. The defendant argued that all of plaintiff's claims were pre-empted by § 360k(a), but the Fifth Circuit disagreed. The Circuit found that § 360k(a) only expressly pre-empted state law claims based on inadequate warnings and labeling. The Court specifically found that:

> There are no federal regulations on tampon design, composition, or construction. Therefore, we find that the tampon labeling requirements promulgated pursuant to the statutory scheme regulating medi-

cal devices do not pre-empt plaintiff's state law claims based on the design, composition, and construction of tampons.

*Id.* at 246.

The Court agrees with this analysis. The FDA itself has limited the pre-emptive force of § 630k(a) by promulgating a regulation that states as follows:

> State or local requirements are pre-empted only when the food and drug administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the Act.

21 C.F.R. § 801.1(d).

The only state law claims that are pre-empted by § 360k(a) are those dealing with inadequate warnings or labeling. The plaintiffs argue that the Idaho law on inadequate warnings is identical to the FDA regulations and thus the state law is not "different from or in addition to" the FDA regulations. But that is not correct. The Idaho standard is a relatively general one to be interpreted by a judge or jury: The warning must be reasonably calculated to adequately communicate information known to the supplier which is necessary to avoid unsafe use of the product. *See Robinson v. Williamsen Idaho Equipment Co.,* 94 Idaho 819, 498 P.2d 1292 (1973). The FDA standard, on the other hand, is much more precise, and actually dictates the words that must be used on one of the warnings, and provides detailed guidance on the information statement that must accompany the tampons. While the Idaho standard could vary greatly, depending on a jury's definition of reasonableness, the FDA standard remains constant. If these two standards co-existed, conflicts would result: A jury could easily hold a tampon manufacturer to a lesser standard of warning under Idaho state law than that imposed by the FDA. Under these circumstances, the FDA regulations must pre-empt Idaho state law on the adequacy of the warnings. But the defendant's motion for summary judgment concerning the other claims made by plaintiff are not pre-

empted and the motion will be denied to that extent.

The Court notes that the plaintiffs have not included within their complaint a claim that Playtex violated the FDA warning requirement contained in 21 C.F.R. § 801.430. The Court will let the plaintiffs decide whether they want to move to amend their complaint to add such a claim.

### ORDER

The Court has examined the entire record concerning the motion for summary judgment filed by defendant International Playtex, Inc. In accordance with the views expressed in the memorandum decision accompanying this order,

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for summary judgment be, and the same is hereby, GRANTED, in part and DENIED in part.

IT IS FURTHER ORDERED that the claims of the plaintiffs concerning inadequate warnings and labelings contained in paragraphs 8(d) and (e) at page 3 of plaintiffs' complaint filed February 20, 1987, be, and the same are hereby, DISMISSED.

IT IS FURTHER ORDERED that the remainder of the motion for summary judgment filed by defendants be, and the same is hereby, DENIED.