**Eric MCMURTRIE, et al.**

v.

**IOLAB CORPORATION, et al.**

**Civil A. Nos. 94–3683 to 94–3688.**

United States District Court,
E.D. Louisiana.

Nov. 29, 1995.

and therefore are of questionable relevance.

Meyer H. Gertler, Catherine Baroco Landry, Gertler, Gertler & Vincent, New Orleans, LA, for Eric McMurtrie.

Joseph Paul Gordon, Jr., Adams & Reese, New Orleans, LA, for Iolab Corporation and Johnson & Johnson Co., Inc.

VANCE, District Judge.

This matter is before the Court on the Court's Order Sua Sponte Reconsidering Its Ruling On Motion to Remand. For the reasons set forth below, the Court vacates its March 17, 1995 Order denying plaintiffs' motion to remand and remands this action to state court.[1]

On March 17, 1995, the Court denied plaintiffs' motion to remand, finding that defendants Dr. Azar and his insurers, Hartford Insurance Company and Lammico Insurance Company, were fraudulently joined because plaintiffs' claims against them for negligence, strict liability, and fraud were preempted by federal law. The Fifth Circuit recently clarified certain preemption issues in *Feldt v. Mentor Corp.*, 61 F.3d 431 (5th Cir.1995), which prompted this Court to order the parties to show cause why the Court should not vacate its previous Order denying remand. After considering the briefs filed by the parties and the applicable jurisprudence, the Court concludes that plaintiffs' petition did state a claim against Dr. Azar and his insurers for defective design that is not preempted by federal law. In reaching this conclusion, the Court relies on the Fifth Circuit's decision in *Feldt*.

*Feldt* was a suit against the manufacturer of an inflatable penile prosthesis for an alleged defect in the device. *Feldt*, 61 F.3d at 432. The only issue on appeal in *Feldt* was whether 21 U.S.C. § 360k(a) of the Medical Devices Amendments ("MDA") to the Federal Food, Drug and Cosmetic Act expressly preempted Feldt's state law claims for failure to warn and defective design. *Id.* at 433. The court explained that the prosthesis was a Class III medical device, which is usually subject to stringent regulation. Prior to marketing and sale, Class III devices must undergo Pre–Market Approval ("PMA"), unless the device falls under one of two exceptions. The prosthesis in *Feldt* was exempt from PMA under the "substantially equivalent" exception. That exception applies to Class III devices that are found by the FDA to be substantially equivalent to devices on the market before the MDA's effective date.

---

1. The consolidated cases to be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, are as follows:

    McMurtrie v. Iolab Corp., et al., Action No. 458–171

    Bestford v. Iolab Corp., et al., Action No. 465–817

    Bradbury, et al. v. Iolab Corp., et al., Action No. 451–212

    Ferrari v. Iolab Corp., et al., Action No. 462–781

    Holswich v. Iolab Corp., et al., Action No. 456–054

    Parker v. Iolab Corp., et al., Action No. 454–355

Class III devices may also obtain an investigational device exemption ("IDE"), which applies to devices approved for use in human clinical trials. *Id.* at 433–34. The *Feldt* court examined a "trio of opinions" considering the scope of preemption[2] and found that because the design of the device was not specifically addressed by federal regulations, Feldt's state-law implied warranty and tort claims for defective design were not preempted. *Id.* at 438.

In this case, as in *Feldt,* the product in issue is a Class III device that did not undergo the PMA process and its design was not covered by specific federal regulations. The only difference is that the intraocular lens at issue here was covered by the "investigational device exemption" instead of the "substantially equivalent" exemption. While defendants attempt to distinguish *Feldt* on this basis, their arguments do not survive a careful reading of the Fifth Circuit's decision. First, the defendant in *Feldt* had also been granted an IDE pursuant to which it had conducted clinical trials of the prosthesis. *Id.* at 434 & n. 3. Thus, defendants' reliance on FDA regulations for approving investigational device exemptions for the lens in issue is misplaced. *See* 21 C.F.R. § 813.20(a)–(b), 813.30(c), 813.35(a). These regulations do not provide any specific design requirements for the device, the critical inquiry in *Feldt.* Further, if this process were sufficient to confer preemption on defective design claims, the result would have been different in *Feldt,* for as noted, the device involved there had previously been granted an investigational device exemption.

The Court also disagrees with defendants' analysis of the affect of the Fifth Circuit's opinion in *Lewis v. Intermedics Intraocular, Inc.,* 56 F.3d 703 (5th Cir.1995), on this case. The only issue certified for appeal in *Lewis* was whether plaintiff could proceed against the manufacturer for failure to obtain in-

formed consent. *Id.* at 706. In reaching its decision, the Fifth Circuit sidestepped the preemption issue, finding that Louisiana law does not recognize a cause of action against a manufacturer for failure to obtain informed consent. *Id.* at 706. In reaching its decision, the Fifth Circuit sidestepped the preemption issue, finding that Louisiana law does not recognize a cause of action against a manufacturer for failure to obtain informed consent. *Id.* at 708. Therefore, the Court finds that *Feldt,* not *Lewis,* governs its decision. Accordingly;

The Court vacates its March 17, 1995 Order denying plaintiffs' motion to remand and orders the Clerk of Court to remand the actions consolidated in this proceeding to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

---

**2.** *Moore v. Kimberly–Clark Corp.,* 867 F.2d 243 (5th Cir.), *reh'g denied,* 873 F.2d 297 (5th Cir. 1989) (failure to warn claim preempted, but not strict liability defective design claim); *Stamps v. Collagen,* 984 F.2d 1416 (5th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993) (claims of failure to warn and defective design preempted where manufacturer of Class

III device underwent PMA); *Reeves v. AcroMed Corp.,* 44 F.3d 300 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2251, 132 L.Ed.2d 258 (1995) (failure to warn claims against manufacturer of non-PMA Class III device preempted; design defect not before the court). *Feldt,* 61 F.3d at 435.