**Lizzie Beatrice EASTERWOOD, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**Civ. A. 4:88–CV–0141–RLV.**

United States District Court, N.D. Georgia.

Aug. 8, 1990.

James I. Parker and William Lee Lundy, Parker & Lundy, Cedartown, Ga., for plaintiff.

Jack Senterfitt and Richard T. Fulton, Alston & Bird, Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

This negligence action is before the court on the defendant's motion for summary judgment and the plaintiff's motion for reconsideration of the court's oral grant of summary judgment after hearing arguments by the parties. Also pending is the plaintiff's motion to file supplemental evidence in opposition to the motion for summary judgment. Having considered the parties' briefs and oral arguments, the court hereby GRANTS the defendant's motion for summary judgment and DENIES the plaintiff's motion for reconsideration and motion to supplement the record.

■ The plaintiff seeks to file with the court supplemental evidence supporting its motion for reconsideration of the court's March 22, 1990, oral grant of summary judgment for the defendant. This motion is premised on the plaintiff's argument that she did not have sufficient time to adequately respond to the motion for summary judgment because the action was on a trial calendar scheduled to begin approximately four weeks after the filing of the motion for summary judgment. The court, however, finds this argument insufficient to justify the court's consideration of such evidence at this late stage of the proceedings.

After reviewing the parties' summary judgment briefs this action was removed from the trial calendar and oral arguments were scheduled for March 22, 1990. At no time during this three month delay or prior to oral arguments did the plaintiff file with the court additional affidavits or exhibits or a motion to extend time. Instead, at oral arguments plaintiff's counsel sought to introduce a single additional affidavit. The court refused to consider the affidavit because it was not filed prior to the hearing of the motion for summary judgment. Similarly, plaintiff now seeks to file with the court evidence intended to create genuine issues of material fact in an attempt to avoid summary judgment. The court, however, finds no justification for the plaintiff's failure to produce evidence available or known to her at the time of the original hearing. Accordingly, the court finds that such evidence was not filed in a timely manner and will not be considered.

In this action the plaintiff seeks damages for the death of Thomas Easterwood, ("Easterwood"), in connection with an acci-

dent involving Easterwood and a CSXT train on February 24, 1988, at the Cook Street crossing in the City of Cartersville, Georgia. The plaintiff alleges that CSXT was negligent in failing to install gate arms at the Cook Street crossing, in operating the train at an unsafe speed, and in allowing vegetation to grow along the side of the track thus preventing Easterwood from seeing the train.[1]

The defendant argues that Easterwood, without slowing or stopping, drove his motor vehicle through the activated red flashing warning lights and, in disregard of the train whistle, into the path of the oncoming train. Therefore, the defendant contends, there was no actionable negligence by CSXT or its agents. The defendant seeks summary judgment as to all claims based on the absence of evidence showing that the defendant's negligence was the proximate cause of the railroad crossing accident or, in the alternative, summary judgment on three of the plaintiff's claims which, the defendant argues, are preempted by federal law.

■ Under the supremacy clause, when Congress manifests an intent that federal law occupy and control a certain field, states are precluded from interfering with the federal law. Federal preemption insures that a state's statutory and common law principles do not conflict with or frustrate the accomplishment of any federal mandate. *See Edmondson v. International Playtex, Inc.,* 678 F.Supp. 1571 (N.D.Ga. 1987); *Staggs v. Chrysler Corp.,* 678 F.Supp. 270 (N.D.Ga.1987). The defendant contends it is entitled to summary judgment on the plaintiff's claim that the accident was caused by the defendant's operation of the train at a speed greater than reasonable based on federal preemption.

■ It is well established that Congress, through the pervasive federal regulation of railroads in the Federal Railroad Safety Act of 1970 ("FRSA"), 45 U.S.C. § 421 *et seq.,* intended to establish nationally uniform railroad safety and preempt state reg-

ulation of railroads. *See Donelon v. New Orleans Terminal Co.,* 474 F.2d 1108 (5th Cir.1976). The FRSA specifically controls the speed at which trains may operate by classifying sections of track and assigning to each classification a maximum speed limit. The track in question is classified as class four track and, according to federal regulations, the maximum train speed for class four track is 60 miles per hour. Based on the pervasive nature of federal regulation of the subject area the court finds that train speed is expressly preempted by federal law. Moreover, the court further finds that because there is no evidence that the train exceeded this federal standard, any common law or statutory negligence claim based on the train's speed is preempted by federal law. *See Sisk v. National Railroad Co.,* 647 F.Supp. 861, 865 (D.Kan.1986).

■ Similarly, the court finds that the plaintiff's claim that the defendant was negligent in failing to install gate arms at the Cook Street crossing is preempted by federal law. Public agencies having jurisdiction over railroad crossings have the authority to select appropriate traffic control devices. *Marshall v. Burlington Northern, Inc.,* 720 F.2d 1149, 1154 (9th Cir. 1983). That is, federal authority to regulate railroad crossings has been delegated to local agencies whose decisions then constitute federal decisions and have a preemptive effect. *Id.* In early 1980 the Georgia Department of Transportation ("DOT"), acting pursuant to federally delegated authority, evaluated railroad crossings in the Cartersville area and determined the warning devices necessary for the various crossings. Initially, DOT determined that gate arms should be installed at the Cook Street crossing, but the funds earmarked for this crossing were later transferred to other projects. The decision to install gate arms at the Cook Street crossing was placed on a list of projects to be considered at a later time.

---

**1.** The plaintiff's complaint also contained allegations that the defendant was negligent in failing to comply with the Cartersville Municipal Train

Speed Ordinance and in failing to equip the train with an energy absorbing device. At oral argument the plaintiff withdrew these claims.

Based on this evidence, the court finds that DOT made a decision not to install gate arms at the Cook Street crossing when it transferred the funds to other projects and removed the Cook Street crossing from the list of crossings to receive gate arms. Accordingly, DOT's determination constitutes a federal decision in accordance with federal law, and the plaintiff's claim that the defendant was negligent in not providing gate arms is preempted.

 In moving for reconsideration of the grant of summary judgment the plaintiff argues that there is a genuine issue of fact as to whether the warning devices at the Cook Street crossing malfunctioned at the time of the accident. The plaintiff generally contends that the automatic warning devices at the crossing malfunctioned often and malfunctioned at the time of the accident.

Based on the evidence properly before the court, however, the court finds that there is no issue of material fact concerning the functioning of the automatic warning devices. The defendant has presented affirmative evidence that immediately after the accident the signal lights were tested and were in working order. Kelly Deposition at 11. Furthermore, the undisputed testimony of Helen Stephenson, the motorist directly behind Easterwood as he turned onto Cook Street and proceeded through the crossing, establishes that the lights were operating and visible at the time of the accident and the train horn sounded.

In contrast, the plaintiff's evidence purporting to create a factual issue for trial consists of witness statements that they do not recall seeing the flashing warning light. Such evidence must give way to the defendant's direct and positive testimony that the warning devices were functioning at the time of the accident. Accordingly, the defendant is entitled to summary judgment on this claim.

■ The plaintiff's final contention is that the defendant was negligent in allowing vegetation to grow along the side of the track thus preventing Easterwood from seeing the oncoming train and because

there was a "hump" on the crossing which distracted motorists. Totally absent from the record, however, is any evidence that the vegetation or hump played a part in this incident. Moreover, the plaintiff has produced no evidence that the alleged vegetation was within the defendant's control.

Based on the foregoing, the defendant's Motion for Summary Judgment is GRANTED, the plaintiff's Motion for Reconsideration is DENIED, and the plaintiff's Motion to Supplement the Record is DENIED.

SO ORDERED.